UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHEN DIVISION

RUTH GORDON                                                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:15cv495-DPJ-FKB

THE KROGER CO., et al.                                                                 DEFENDANTS

ORDER

This negligence and premises-liability case is before the Court on Plaintiff's Motion to Remand [7].  The Court, having fully considered the parties' submissions and the applicable law, finds that the Motion should be denied.

I.      Background

This case arises out of a slip and fall which occurred on the premises of Defendant The Kroger Co.'s ("Kroger") Jackson, Mississippi store.  According to the Complaint, Plaintiff Ruth Gordon, an elderly woman, was injured when she slipped on a wet section of the floor in Defendant's store.  Gordon alleges that Kroger staff failed to place a sign to warn of the wet floor in a location where it could be noticed by the store's patrons.  She filed suit against Kroger and Kroger Limited Partnership in the County Court of Hinds County, Mississippi, on June 1, 2015, claiming $150,000 in damages.  *See generally* Compl. [1-1].

On July 7, 2015, Defendants removed the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 asserting diversity jurisdiction.  *See* Notice of Removal [1].  After the initial telephonic case-management conference, Plaintiff moved to remand based on lack of diversity jurisdiction.  Gordon does not dispute that complete diversity exists, but contends that the amount in controversy is not met because she "has stipulated that any potential recovery in this

matter will not exceed $75,000." Pl.'s Mot. [7] at 1.  Defendants have since responded in opposition [8], and Gordon elected to forego reply.

II.     Standard

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).  Where, as here, federal subject-matter jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a) controls.  Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000."  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether jurisdiction exists, the district court "considers the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").  "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723.

III.     Analysis

Gordon seeks to remand based on a lack of diversity jurisdiction due to a failure to meet the required amount in controversy under 28 U.S.C. § 1332(a). As noted previously, Gordon does not dispute the parties' diversity of citizenship. Thus, the sole issue is whether the amount in controversy exceeds $75,000. For the reasons that follow, the Court concludes that it does.

As Defendants correctly point out, the *ad damnum* clause in Plaintiff's Complaint states that "Plaintiff requests a trial by jury and demand [sic] from Defendants $150,000.00" to compensate for "actual, compensatory, consequential, incidental and punitive damages . . . ." Compl. [1-1] at 6. Thus, there can be no dispute that the amount in controversy would be satisfied based on the face of the Complaint alone. In her Motion to Remand, however, Gordon states that she "has stipulated that any potential recovery in this matter will not exceed $75,000." Pl.'s Mot. [7] at 1. In so doing, she cites to a "Binding Stipulation Agreement" supposedly attached as Exhibit "A." *Id.* But no such agreement was attached to the docketed motion, nor has it been docketed since.

In any event, a stipulation of damages made after a case has been removed is ultimately irrelevant for the purposes of determining jurisdiction, as "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction" where it is apparent from the face of the Complaint that the amount in controversy is met. *Gebbia*, 233 F.3d at 883. Indeed, the Supreme Court has held that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90.

Here, it is facially apparent from Gordon's state-court Complaint that she sought damages in the amount of $150,000. *See* Compl. [1-1] at 6. The fact that she may have stipulated to an amount less than $75,000 after Defendants removed the case from state court does not deprive this Court of jurisdiction because "[t]he jurisdictional facts that support removal must be judged at the time of the removal," and an "amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." *Allen*, 63 F.3d at 1335–36. The Court therefore concludes that the amount in controversy requirement was satisfied at the time of removal and that subject-matter jurisdiction is proper on this basis. The Motion to Remand is denied.

IV.  Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the reasons stated, the Motion to Remand [7] is denied. The parties are directed to contact the magistrate judge within ten days of the entry of this order to reset the case for a case management conference.

**SO ORDERED AND ADJUDGED** this the 16th day of March, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE